IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETE TANGUAY and LYNN TANGUAY,<br><br>                              Plaintiffs,<br><br>            -against-<br><br>WELLSKY CORPORATION, a New York Corporation<br>f/k/a MEDIWARE INFORMATION SYSTEMS, INC.<br>                              Defendant. | Civil Action No.: 1:19-cv- 9964<br><br><br>**COMPLAINT**<br><br><br>DEMAND FOR JURY TRIAL |

<u>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**</u>

Plaintiffs, PETE TANGUAY and LYNN TANGUAY ("Plaintiffs" or "Tanguay"), by their undersigned

attorneys, hereby sue Defendant, WELLSKY CORPORATION f/k/a MEDIWARE INFORMATION SYSTEMS,

INC. ("Defendant" or "Wellsky"), a New York corporation, and allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      Plaintiff Pete Tanguay is an individual residing in the state of Arkansas.

2.      Plaintiff Lynn Tanguay is an individual residing in the state of Arkansas.

3.      Defendant Wellsky Corporation is a New York corporation with it principal place of

business in the State of Illinois, and which was formerly known as Mediware Information Systems, Inc.

4.      This is a civil action for breach of contract and declaratory relief.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in

controversy well exceeds the jurisdictional threshold of $75,000.00, and the parties are citizens of

different states.

6.      This Court has personal jurisdiction over Defendant, as defendant is a New York

corporation.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this venue is the location in which Defendant resides, and the venue to which the parties contractually agreed.

**GENERAL ALLEGATIONS**

***Stock Purchase Agreement***

8.      In 2000, Plaintiffs Pete and Lynn Tanguay established Rock-Pond Solutions, Inc. ("Rock-Pond"), a business intelligence software company specialized in the healthcare industry.

9.      After over seventeen years building a successful company in July 2018, Plaintiffs sold the stock in their company, Rock-Pond, to Defendant, as documented in a July 24, 2018 Stock Purchase Agreement (hereinafter "Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit A.

10.      Defendant is a supplier of software for healthcare and human service providers and payers.

11.      Upon execution of the Agreement, Defendant was obligated to - and did - pay Plaintiffs a Base Purchase Price, with a portion being placed in escrow pursuant to the terms of the Agreement, and contracted to make several "Additional Payments" thereafter.

12.      On September 5, 2019, Wellsky was obligated to pay Plaintiffs one million dollars ($1,000,000.00) (defined in the Agreement as "First Additional Payment"). This payment was due and owing so long as certain "Key Employees" - Matt Lager, Jonathan Buck and Dee Dee Welch - remained employed by or otherwise engaged with Rock-Pond through July 24, 2019.

13.      Specifically, the Agreement at Section 2.06(b) states, in relevant part:

**If all Key Employees of the Company remain continuously actively engaged with the Company or one of its Affiliates** (whether by way of employment, consulting arrangement or otherwise, but in any event pursuant to the terms of the applicable offer letter by and between the Buyer and each Key Employee... **through the expiration of the First Measurement Period, then the amount of the First Additional Payment shall be $1,000,000**.

Exhibit A, emphasis added.

14. The Key Employees remained employed by Rock-Pond through July 24, 2019, as such, the First Additional Payment was due and owing on September 5, 2019.

15. Notwithstanding its obligation to do so, Defendant failed and refused to make the First Additional Payment to Plaintiffs.

16. In a clear attempt to avoid its contractual obligation to pay Plaintiffs the First Additional Payment - and the forthcoming "Second Additional Payment" - Defendant first advised that it is not obligated to make the First Additional Payment due to its ongoing litigation with one of its customers, PantherX Specialty.

17. Later, Defendant shifted its position, as detailed herein, claiming that Plaintiffs made a misrepresentation in their representations and warranties.

18. Defendant's positions are without merit both legally and factually. Notwithstanding, Defendant is improperly withholding approximately $1,800,000.00, as detailed further herein.

### *Wellsky's Dispute with PantherX*

19. Approximately three months ***after*** Plaintiff sold its shares in Rock-Pond to Wellsky, on October 13, 2018 Wellsky received a letter from one of its customers, PANTHERx Specialty, LLC ("PANTHERx") complaining that Wellsky had failed to perform its maintenance and development obligations under the Agreement, including by repeatedly delaying, and ultimately not providing, agreed upon software enhancements.

20. Pursuant to the agreement between Rock-Pond and PANTHERx, as well as pursuant to the terms of the October 13, 2018 demand letter, Wellsky had thirty (30) days to cure the alleged breaches. A true and correct copy of the Rock-Pond and PANTHERx agreement is attached hereto as Exhibit B.

21.     PANTHERx alleges that Wellsky did not cure the breach and therefore it filed suit in the Southern District of Arkansas ("Arkansas Action"). A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit C.

22.     The breach alleged by PANTHERx is simply that Wellsky did not update the software it had purchased from Rock-Pond (n/k/a Wellsky), and that Wellsky had allegedly advised PANTHERx that it "did not plan to support the Software going forward." (Ex. C at ¶¶ 13-15.)

23.     PANTHERx is therefore seeking in the Arkansas Action to "purchase the [Software] source code for $100,000.00," "pursuant to § 13.3" of the Agreement," which is available to PANTHERx "[s]hould Rock-Pond fail to cure [a] breach of th[e] agreement."  (Id. at ¶ 25; Ex. B at §13.3.)

24.     PANTHERx is therefore seeking in the Arkansas Action to "purchase the Software source code for $100,000.00 pursuant to Section 13.3 of the Agreement," which is available to PANTHERx "should Rock-Pond fail to cure [a] breach of th[e] agreement."  (Id. at ¶ 20.)

25.     Wellsky's position in the Arkansas Action is that there is no underlying breach, that PANTHERx committed a prior material breach of the agreement, and "denies that Pantherx is entitled to any damages or relief."

***Wellsky's Improper Set-Off and Indemnification Claim***

26.     On September 11, 2019, Plaintiff's legal counsel sent Defendant a letter demanding that it make the First Additional Payment by or before October 11, 2019. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit D.

27.     Defendant responded on October 10, 2019. In its letter, Defendant alleges that it is "entitled to indemnification for [Tanguay's] breaches of the representations and warranties in Section 4.18 of the Purchase Agreement." A true and correct copy of Defendant's response letter is attached hereto as Exhibit E.

4

28.     The basis for Defendant's indemnification claim is that a former Rock-Pond employee, Brandon McGinley, "has been communicating with and working as an employee or consultant for PANTHERx Specialty, LLC," and "McGinley did not have a written confidentiality agreement with Rock-Pond, a written intellectual property ownership assignment agreement, or other restrictions on his use of Rock-Pond's intellectual property, despite Sellers' representations to the contrary under Section 4.18(f)."

29.     The letter concludes that "a lack of appropriate, customary restrictions on the disclosure and use of the intellectual property has been a problem in the litigation [between Wellsky and PANTHERx] and, potentially, as to the Enterprise+ software."

30.     As such, in its October 10th letter, Defendant gives notice that it is exercising its purported set-off rights and demand for indemnification under the Stock Purchase Agreement.

31.     Defendant claims "possible losses" of $900,000 "for the alleged reduced purchase price of the [Enterprise+] software," its fees and costs defending its suit against PANTHERx, and any additional damages as a result of the Arkansas Action.

32.     Defendant further provides notice under Section 9.09 of the Stock Purchase Agreement that it will not be distributing the $800,000.00 of Escrowed Funds.

33.     Defendant's position is baseless for several reasons, including but not limited to, (1) Any liability that Wellsky may have to PANTHERx is of its doing, is its own responsibility, and does not fall within the indemnification provisions of the Stock Purchase Agreement. PANTHERx's claim initiated months after Wellsky purchased the shares of Rock-Pond from Plaintiffs, and Wellsky had the ability and opportunity to cure any alleged breach, but did not; (2) Brandon McGinley was, in fact, bound by confidentiality obligations - as were all former Rock-Pond employees; (3) Defendant was explicitly aware of, and agreed to, the form of confidentiality which all Rock-Pond employees were bound by, mainly the employee handbook; and (4) Upon information and belief, McGinley has not provided any work for

PANTHERx related to the Rock-Pond Enterprise software (branded by PANTHERx as "SWFT") software, nor did he provide any confidential or trade secret information to PANTHERx.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

34.     Plaintiffs Pete Tanguay and Lynn Tanguay realleges and incorporates by reference the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

35.     This is an action against Wellsky for breach of contract.

36.     On or about July 24, 2018 Plaintiffs entered into a Stock Purchase Agreement with Defendant, whereby Plaintiffs sold the stocks of their company, Rock-Pond, to Defendant. See, Exhibit A hereto.

37.     Plaintiffs fully performed its obligations under the Agreement.

38.     As set forth above, Wellsky materially breached the Agreement by failing and refusing to pay Plaintiffs $1,000,000.00 on or before September 5, 2019 pursuant to Section 2.06(b) of the Agreement ("First Additional Payment").

39.     Wellsky's failure to pay Plaintiffs its First Additional Payment is a material breach of the Agreement.

40.     As a direct result of Wellsky's material beach, Plaintiffs have been damaged.

41.     Plaintiffs are entitled to collect their reasonable attorneys' fees and costs pursuant to Section 9.04(b) of the Agreement.

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendant Wellsky, awarding damages, interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

42.     Plaintiffs Pete Tanguay and Lynn Tanguay realleges and incorporates by reference the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

43.     This is an action for declaratory relief under and pursuant to the Federal Declaratory Judgment Act 18. U.S.C. § 2201.

44.     An actual controversy of justiciable nature exists between plaintiff and defendant involving the rights and obligations under the Stock Purchase Agreement between the parties, which can and should be determined by a judgment of this Court.

45.     Under and pursuant to the Agreement, particularly Section 2.06(b) of the Agreement, Wellsky is obligated to pay Plaintiffs the First Additional Payment of one million dollar ($1,000,000.00).

46.     This First Additional Payment was due and owing so long as certain "Key Employees" - Matt Lager, Jonathan Buck and Dee Dee Welch - remained employed by or otherwise engaged with Rock-Pond through July 24, 2019.

47.     Specifically, the Agreement at Section 2.06(b) states, in relevant part:

> **If all Key Employees of the Company remain continuously actively engaged with the Company or one of its Affiliates** (whether by way of employment, consulting arrangement or otherwise, but in any event pursuant to the terms of the applicable offer letter by and between the Buyer and each Key Employee substantially… **through the expiration of the First Measurement Period, then the amount of the First Additional Payment shall be $1,000,000**.

Exhibit A, emphasis added.

48.     The Key Employees remained employed by Rock-Pond through July 24, 2019, as such, the First Additional Payment was due and owing on September 5, 2019.

49.     Notwithstanding its obligation to do so, Defendant failed and refused to make the First Additional Payment to Plaintiffs.

50.     On December 12, 2018, Wellsky sent Pete Tanguay a letter whereby it provided notice of the Arkansas Action filed by PantherX. In that letter, Wellsky claims *inter alia* that: "Wellsky is entitled to

indemnity from Sellers for the claims asserted in the Complaint, and hereby requests indemnification under Section 9.02 of that same article of the Purchase Agreement." A true and correct copy of this letter is attached as Exhibit F hereto.

51.     In the December 12, 2018 letter, Wellsky further states that "the factual allegations of the [Arkansas Action] Complaint support a claim for indemnification based on Sellers' breach of representations and warranties under Article IV of the Purchase Agreement, including, but not limited to, representations and warranties in Sections 4.06(d), 4.07)b)), 4.08(t), 4.08(w), 4.08(hh), 4.09, 2.12(b), 4.21, and 4.22(a)."

52.     On December 21, 2018, Plaintiffs responded to Wellsky's letter vigorously denying Wellsky's claim for indemnification. A true and correct copy of this letter is attached as Exhibit G hereto.

53.     In the December 21, 2018 letter, Plaintiffs stated *inter alia* that "any breach of the license agreement and failure to cure it after receipt of PantherX's demand letter of October 18, 2018 was due to decisions made, and actions taken, by Wellsky after the acquisition of Rock-Pond on July 24, 2018."

54.     Moreover, Plaintiffs set forth that "all matters related to PantherX were discussed in detail with Wellsky prior to the acquisition, between the time of the acquisition, and its public announcement and on numerous occasions after the public announcement until Mr. Tanguay's employment with Wellsky was terminated."

55.     After Defendant failed to make the First Additional Payment, on September 11, 2019, Plaintiff's legal counsel sent Defendant a letter demanding that it make the First Additional Payment by or before October 11, 2019. See, Exhibit D hereto.

56.     Defendant responded on October 10, 2019. In its letter, Defendant alleges that it is "entitled to indemnification for [Tanguay's] breaches of the representations and warranties in Section 4.18 of the Purchase Agreement." A true and correct copy of Defendant's response letter is attached hereto as Exhibit E.

57.     The basis for Defendant's indemnification claim now shifted, stating that the reason is that a former Rock-Pond employee, Brandon McGinley, "has been communicating with and working as an employee or consultant for PANTHERx Specialty, LLC," and "McGinley did not have a written confidentiality agreement with Rock-Pond, a written intellectual property ownership assignment agreement, or other restrictions on his use of Rock-Pond's intellectual property, despite Sellers' representations to the contrary under Section 4.18(f)."

58.     The Stock Purchase Agreement states specifically: "For the avoidance of doubt and for purposes of clarity, the Escrowed Funds shall be Buyer's sole source of recovery pursuant to Section 9.02(a)

59.     Additionally, Defendant's position is baseless for several reasons, including but not limited to, (1) the fact that McGinley was, in fact, bound by confidentiality obligations - as were all former Rock-Pond employees; (2) Defendant was explicitly aware of, and agreed to, the form of confidentiality which all Rock-Pond employees were bound by, mainly the employee handbook; (3) Any liability that Wellsky may have to PANTHERx is of its doing and is its own responsibility. PANTHERx's claim initiated months after Wellsky purchased the shares of Rock-Pond from Plaintiffs, and Wellsky had the ability and opportunity to cure the alleged breach, but did not; (4) Upon information and belief, McGinley has not provided any work for PANTHERx related to the Rock-Pond SWFT software, nor did he provide any confidential or trade secret information to PANTHERx; and (5) PANTHERx's calculation of its potential loss has no basis in law or fact.

60.     Wellsky is relying on its baseless position regarding indemnification to support its improper decision to withhold payment of the First Additional Payment to Plaintiffs and to withhold distribution of the eight-hundred thousand dollars ($800,000.00) in escrow under Section 9.06(f).

**DEMAND FOR A JURY TRIAL**

61.      Plaintiffs demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Pete Tanguay and Lynn Tanguay respectfully request:

a) An award of damages to Plaintiffs in an amount to be determined at trial, but in all events not less than $1,000,000;

b) A declaration, pursuant to 28 U.S.C. § 2201, that

(1) the lawsuit brought by PANTHERx against Rock-Pond/Wellsky in the Arkansas Action is not a proper basis for any claim for indemnification against Plaintiffs;

(2) Wellsky's claim regarding Brandon McGinley's communications with PANTHERx, and the allegation that he did not have a confidentiality agreement with Rock-Pond are not a proper basis for any claim for indemnification against Plaintiffs;

(3) any loss that Wellsky may sustain *vis a vis* the Arkansas Action is its own responsibility and not that of Plaintiffs;

(4) Wellsky does not have the right to withhold the First Additional Payment, or any portion thereof, as said payment was solely and exclusively contingent on the employment status of the Key Employees, and such payment shall be distributed forthwith; and

(5) Wellsky does not have the right to withhold any of the Escrowed Funds under the Stock Purchase Agreement, which must be distributed as per the terms of thereof.

c) Plaintiffs further request that this Court awarding Plaintiffs its costs and attorneys' fees pursuant to the Agreement;  and

d) An award of such other and further relief as this Court may deem just and proper.

Dated: New York, NY
October 28, 2019

Respectfully submitted,

By: _____
Robert Garson (RG-1521)
Garson, Ségal, Steinmetz, Fladgate LLP
164 West 25th Street, Suite 11R
New York, NY 10001
212-380-3623
rg@GS2Law.com

*and*

Gabriel Groisman, Fla. Bar No. 25644
(*to be admitted pro hac vice*)
gabriel@groismanlaw.com
GROISMAN LAW, PLLC
3323 NE 183 St., Suite 508
North Miami Beach, FL 33160
Tel:  305-930-7979

*Attorneys for Plaintiffs*