```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PETE TANGUAY and LYNN TANGUAY,

      Plaintiffs/Counter-defendants,

    v.

WELLSKY CORPORATION, a New York
Corporation f/k/a MEDIWARE
INFORMATION SYSTEMS, INC.,

      Defendant/Counter-plaintiff.

---

Civil Action No.:  1:19-cv-9964-AJN

[Proposed] Agreed Protective and 502(d)
Order

> Nothing in this Order affects the parties'
> obligation to comply with Rule 4 of the Court's
> Individual Practices in Civil Cases governing
> redactions and filing under seal, or with any of
> the Court's other Individual Practices as
> relevant.
> SO ORDERED.

## AGREED PROTECTIVE AND 502(d) ORDER

Pete and Lynn Tanguay and WellSky Corporation have agreed to the terms of this Order;

accordingly, it is ORDERED:

1.    **Scope**. All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

this Order concerning Confidential Information (as defined below). This Order is subject to the

Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

2.    **Confidential Information**. As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by

the producing party that falls within one or more of the following categories: (a) information

prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research,

technical, business, commercial, proprietary, or financial information that the party has maintained

as confidential; (d) medical information concerning any individual; (e) personal identity

information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Designation**.  A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4.      **Depositions**.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: no later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all

parties of record as to specific portions of the testimony that are designated Confidential

Information, and thereafter only those portions identified in the Notice of Designation shall be

protected by the terms of this Order. The failure to serve a timely Notice of Designation shall

waive any designation of testimony taken in that deposition as Confidential Information, unless

otherwise ordered by the Court. Alternatively and notwithstanding the foregoing, any attorney

present at a given deposition may verbally designate any testimony which he or she reasonably

believes to contain Confidential Information as Confidential, so long as such designation is made

on the record during that deposition.

      5.       **Protection of Confidential Material.**

      (a)       **General Protections.** Confidential Information shall not be used or

disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph

(b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

      (b)       **Limited Third-Party Disclosures.** The parties and counsel for the parties

shall not disclose or permit the disclosure of any Confidential Information to any third person or

entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following

categories of persons may be allowed to review Confidential Information:

      (1)       **Counsel.** Counsel for the parties and employees of counsel;

      (2)       **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      (3)       **The Court and its personnel**;

      (4)       **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

      (5)       **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing

documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. If a witness not included in Section 5(b)(1), (2), (5) or (6) requests a transcript of his or her deposition, then the pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the

receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

       7.      **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the Southern District of New York's and this Court's procedures regarding filing documents under seal.

       8.      **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

       9.      **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

       (a)      **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change

5

in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)    **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.    **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.    **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

13.     **Confidential Information Produced in Arkansas Litigation.** Information designated by a producing party as Confidential Information under the Agreed Protective and 502(d) Order entered on June 3, 2019 in the matter *Pantherx Specialty, LLC v. Rock-Pond Solutions, Inc.*, Case No. 4:18-CV-00884-JM, previously pending in the United States District

Court for the Eastern District of Arkansas, shall be considered Confidential Information under this Order, subject to the terms of this Order.

14. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) all documents filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work

product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

16.        **Non-Waiver and Clawback Protocol (Fed. R. Evid. 502(d)).**

(a)        **Non-Waiver by Production.** Pursuant to Federal Rule of Evidence 502(d), production of documents in this case shall not waive, for purposes of this case or otherwise, any privilege or protection (including attorney-client privilege or work product protection) that would otherwise apply.

(b)        **Time for Asserting Privilege and Protection.** A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection, except that: (i) affirmative and knowing use of a document by the producing party in the case (other than in a motion to determine the applicability of privilege or protection) waives privilege and protection with respect to it and of other documents to the extent provided by Federal Rules of Evidence 502(a); and (ii) upon use in the case by another of a document that was produced by a party (other than in a motion to determine the applicability of privilege or protection), that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

(c)        **Disputing Claims of Privilege/Protection Over Produced Documents.** Upon receipt of notice of the assertion of privilege or protection over produced documents, the receiving party shall: (i) to whatever extent it contests the assertion of privilege or protection, promptly (no later than within ten (10) business days of such notice) so notify the producing party and maintain the contested documents in confidence pending resolution of the contest by the Court; and (ii) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly (no later than within ten (10) business days of such notice) certify in writing

to the producing party that it has returned or destroyed the applicable document(s) and has made

reasonably diligent efforts to identify and destroy each copy thereof and all information derived

therefrom (normally reasonable diligence will not include disaster recovery media).  If the dispute

cannot be resolved amicably after meeting and conferring in good faith, either party may bring the

contest to the attention of the Court by motion. The producing party at all times retains the burden

of establishing the privileged or protected nature of the document(s), and the production of the

document(s) shall not be used by the nonproducing party in an effort to establish that the

document(s) is/are not privileged or protected.

17.     **Order Subject to Modification.** This Order shall be subject to modification by the

Court on its own initiative or on motion of a party or any other person with standing concerning

the subject matter.

18.     **No Prior Judicial Determination.** This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery. Nothing

herein shall be construed or presented as a judicial determination that any document or material

designated Confidential Information by counsel or the parties is entitled to protection under Rule

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule

on a specific document or issue.

19.     **Persons Bound.**  This Order shall take effect when entered and shall be binding

upon all counsel of record and their law firms, the parties, and persons made subject to this Order

by its terms.

So Ordered.

Dated: _____March 27,_____, 2020
        New York, New York

_____
Alison J. Nathan, United States District Judge

10

ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETE TANGUAY and LYNN TANGUAY, | Civil Action No.: 1:19-cv-9964-AJN |
| Plaintiffs/Counter-defendants, | |
| v. | Acknowledgement and Agreement to be Bound |
| WELLSKY CORPORATION, a New York Corporation f/k/a MEDIWARE INFORMATION SYSTEMS, INC., | |
| Defendant/Counter-plaintiff. | |

ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Agreed Protective and 502(d) Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Agreed Protective and 502(d) Order and understands that the terms of the Agreed Protective and 502(d) Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Agreed Protective and 502(d) Order may result in penalties for contempt of court.


Name: _____

Job Title:        _____

Employer:        _____

Business Address:        _____

                        _____


Date:_____        _____
                                Signature

12